UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL LEE PERRY, JR,

      Plaintiff,

v.                                     Case No. 23-cv-698-bhl

DAVID BOROWSKI,

      Defendant.

---

## DECISION AND ORDER

---

Plaintiff Michael Lee Perry, Jr., is a prisoner confined at the Milwaukee County Jail who is representing himself in this 42 U.S.C. §1983 case. The Prison Litigation Reform Act (PLRA) applies to this case because Perry was incarcerated when he filed his complaint. *See* 28 U.S.C. §1915. The PLRA provides that, regardless of fee status, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §1915A (a); *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. §1915A (b)(1)-(2). The Court may also impose a "strike" for filing a frivolous lawsuit. *See* 28 U.S.C. §1915(g).

On June 2, 2023, Perry filed a civil rights complaint against Judge David Borowski, who presided over his state court criminal case between August 4, 2018 and January 6, 2019. Dkt. No. 1; *see also State of Wisconsin v. Michael Lee Perry*, Wisconsin Circuit Court Access ("CCAP"),

https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CM002181&countyNo=40&index=0&mode=details (last visited Jun. 15, 2023). Judge Borowski allegedly showed "bias and prejudice" during proceedings, did not throw out criminal charges "which completely lacked evidence," and "sent [Perry] to Mendota." Dkt. No. 1 at 2-3. According to CCAP, Judge Borowski's role in the criminal case was fairly limited and he only presided over the case for a few months. *See* CCAP, *supra*. In connection with the allegations in the complaint, on November 16, 2018, Judge Borowski held a hearing during which he granted the State's motion to adjourn the trial. *Id*. At that hearing, Perry became "belligerent and [began] yelling" and was removed from the courtroom so proceedings could continue. *Id*. For relief, Perry seeks monetary damages. Dkt. No. 1 at 3.

A judge has absolute immunity for all actions taken in his or her judicial capacity. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "Immunity totally insulates judges from liability for actions taken within their judicial capacity, even if the judge acts maliciously or corruptly." *Dellenbach v. Letsinger*, 889 F.2d 755, 757–58 (7th Cir. 1989). "In adjudicating controversies between parties, judges must be free to render decisions without fear of personal liability for those decisions." *Id*. Any act that has "an integral relationship with the judicial process" is cloaked by the doctrine of judicial immunity. *Id*.

Any decision Judge Borowski made with respect to evidence in connection with Perry's criminal charges is a quintessential judicial act. Further, removing a belligerent litigant from the courtroom to continue with proceedings is an integral judicial function intended to aid the judicial phase of the criminal process. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–46 (1991) (noting that judges have the inherent authority to control courtroom behavior and punish litigants for contempt). Judge Borowski acted in his judicial capacity in connection with all the allegations in this lawsuit and therefore is entitled to absolute immunity. Accordingly, the Court will dismiss this case as frivolous and will impose a strike under §1915(g) because Perry brought a frivolous lawsuit against a judge. *See Atkins v. Gilbert*, 52 F.4th 359, 362 (7th Cir. 2022) (affirming a first

2

strike in the district court, and imposing a second strike on appeal, on a Plaintiff who filed and appealed a frivolous lawsuit against individuals absolutely immune from suit under §1983, including a state court judge); *see also Williams v. Goldsmith*, 701 F.2d 603, 604 (7th Cir. 1983) ("All the defendants are absolutely immune from suit. Therefore, plaintiff's claim is frivolous.").

**IT IS THEREFORE ORDERED** that this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g) for bringing a frivolous lawsuit.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Perry must pay the $350 statutory filing fee. Accordingly, the agency having custody of Perry shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Perry's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Perry is transferred to another institution, the transferring institution shall forward a copy of this Order along with Perry's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

Dated at Milwaukee, Wisconsin on June 23, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge